OPINION
Appellant, Sheila L. Yankora, appeals from the judgment of the Ashtabula County Court, Eastern District, entered on May 26, 2000. Appellant was convicted of speeding, in violation of R.C. 4511.21, a minor misdemeanor, and of operating a vehicle with an expired registration, in violation of R.C.4503.11, a fourth degree misdemeanor. The latter offense was tried to a jury. The former offense was simultaneously tried to the court, pursuant to R.C. 2945.17. Appellant raises seven assignments of error, including challenging the jurisdiction of the trial court, the failure to hold a preliminary hearing, the setting of bond based on insufficient evidence, and the alleged denial of counsel. The following facts are relevant to a determination of this appeal.
On March 19, 1999, appellant was issued a traffic ticket. The ticket was in the form of an Ohio Uniform Traffic Ticket in compliance with Traf.R. 3. The ticket indicates that appellant committed the alleged violations while driving southbound on State Route 7 in Monroe Township, Ashtabula County, Ohio. This location is within the jurisdiction of the Ashtabula County Court, Eastern District. Appellant was summoned to appear at that court on March 25, 1999. Appellant failed to appear, and a warrant was issued. Appellant was arrested on April, 23, 2000, and it appears appellant was released upon posting a $3,000 bond. Appellant has not submitted a transcript of any of the proceedings. Appellant was arraigned on May 11, 2000.
On April 26, 1999, appellant filed a motion styled as a "motion for assistance of counsel of choice." This was a pro se motion. It actually was a request for a continuance on the grounds that her unnamed "counsel of choice" was out of state, attending "the Spring Feast Days of Unleavened Bread." The motion was denied on May 24, 1999. A jury trial was conducted on May 26, 1999. It appears from the record that appellant represented herself at trial.
Appellant was found guilty of speeding and fined $50. Appellant was also found guilty of driving with an expired registration and sentenced to two years unsupervised probation, a $200 fine, and ten days in jail. Upon a motion of appellant, the sentences were stayed pending appeal. Appellant has assigned the following errors:
 "1]. The trial court did err in not considering the absence of evidence determining the venue and jurisdiction of the trial court.
 "2]. The trial court did err in not having a preliminary hearing.
 "3]. The trial court did err in setting bond and bail without facts or evidence and pleadings, papers, and motions.
 "4]. The trial court did err in ignoring the very pointed and specific challenge to the signature and endorsement.
"5]. The trial court did err in denying counsel.
 "6]. The trial court did err in allowing no testimony by Dave L. Robinson and Carol Maylish.
 "7]. The trial court did err in failing to meet the minimal administrative standards necessary to be binding on the parties."
 In appellant's first assignment of error, she argues the trial court did not have venue or jurisdiction. On its face, the traffic citation establishes that the Ashtabula County Court, Eastern District, had both venue and jurisdiction over this matter. When an appellant fails to provide a proper and complete transcript, a reviewing court has no choice but to presume the regularity of the proceedings in the trial court. State v. Fontanella (Dec. 17, 1999), Portage App. No. 98-P-0085, unreported, at 3, citing State v. Simpfendorfer (Oct. 22, 1999), Geauga App Nos. 98-G-2180 and 98-G-2181, unreported. Appellant has not provided a transcript. Thus, we must presume that venue and jurisdiction were established at trial. Appellant's first assignment of error is without merit.
In appellant's second assignment of error, she argues that the trial court erred by not conducting a preliminary hearing. Appellant was arraigned on May 11, 2000. In the absence of a transcript, we must presume this was conducted in accordance with Crim.R. (5)(A). Defendants are only entitled to preliminary hearings when they are charged with felony offenses. Crim.R. (5)(B). Appellant was charged with a fourth degree misdemeanor, and two minor misdemeanors and, thus, was not entitled to a preliminary hearing. Appellant's second assignment of error is without merit.
In her third assignment of error, appellant contends the trial court set bail without having sufficient facts or evidence before it to make such a determination. Although there is not a transcript before this court, it is evident from the record that appellant had previously failed to appear in this matter, necessitating the issuance of a warrant. Based upon that fact alone, the bail set in this case was reasonable and not excessive. Appellant's third assignment of error is without merit.
In her fourth assignment of error, appellant argues that the trial court erred by ignoring the "very pointed and specific challenge to the signature and endorsement" of the traffic ticket by Trooper Dave Robinson. While appellant's challenge may well have been very pointed and specific, in the absence of a transcript we cannot determine how pointed, or how specific. In the absence of a transcript, we must presume the regularity of the proceedings below. As an aside, it is evident from the record before us that the ticket was issued in accordance with Traf.R. 3, and consequently is sufficient on its face as a charging instrument. Appellant's fourth assignment of error is without merit.
In appellant's fifth assignment of error, she argues that the trial court erred by denying her counsel. In the absence of a transcript, we must presume the regularity of the proceedings below. We note that in her briefing to this court, appellant has not made it clear whether she was denied counsel, or she was denied "counsel of choice." In her submissions to the trial court, it appears appellant was seeking representation by a non-attorney in violation of R.C. 4705.01. It appears that the trial court properly did not permit her to be represented by a lay person, and this denial is the basis of this assignment of error. In the absence of a transcript, we must conclude the fifth assignment of error lacks merit.
In her sixth assignment of error appellant contends the trial court erred by allowing "no testimony by Dave L. Robinson and Carol Maylish." Appellant's brief seems to contradict this argument, because appellant indicates that she cross-examined Trooper Robinson. It is unclear from the record who Carol Maylish is. We have no means of addressing this assignment of error in the absence of a transcript. Appellant's sixth assignment of error is without merit.
In her final assignment of error, appellant contends the trial court erred by failing to meet "the minimal administrative standards necessary to be binding on the parties." In this assignment of error, appellant contends the procedures afforded her were not in compliance with the "Ordinances of the Northwest Territory and the Articles of Confederation." She also contends the trial court did not comply with mandates of our state and federal constitutions. We note that the former documents have no application in the State of Ohio since it entered the Union. As to the latter, again, in the absence of a transcript of the proceedings, we must presume the regularity
of the proceedings below. Appellant's seventh assignment of error is without merit.
The judgment of the trial court is affirmed.
 ____________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL
FORD, J., CHRISTLEY, J., concur.